SO ORDERED: November 19, 2012.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JACE PATRICK PLATT | )   CASE NO. 12-6170-RLM-13 |
| | ) |
|    Debtor | ) |

**ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

This matter came before the Court on August 14, 2012 upon the Trustee's objection to confirmation of the Debtor's amended chapter 13 plan wherein the chapter 13 trustee, Ann Delaney, appeared by counsel, Liane Hulka and the Debtor appeared by counsel Matthew W. Conrad. The parties were given 60 days to submit briefs and the Trustee submitted her brief on October 15, 2012. The Debtor requested and received an extension to file his brief and the Trustee also has requested additional time in which to file a reply brief. The matter has been fully briefed, with the last brief having been filed on November 2, 2012. For the reasons stated below, the Court

1

denies confirmation of the Debtor's amended chapter 13 plan. [1]

## *Background*

The Debtor filed this chapter 13 case on May 23, 2012.  According to the schedules and summaries filed, the Debtor owns no real estate, owns minimal personal property ($253.00), and has no secured or unsecured priority creditors.  The Debtor owes $18,907.00 to unsecured creditors, $4397.00 of which is for an obligation incurred in 2008 with respect to a former apartment lease.  The remainder of the unsecured debt consists primarily of medical bills and credit card debt.  The Debtor's Schedules I and J reveal that he is not married, has no dependents, and has worked at the same place for three years.  His monthly income exceeds his monthly expenses by $109.21.  The Debtor's amended chapter 13 plan filed on July 9, 2012 provides for monthly payment to the trustee of $110 for 36 months, as well as 50% of all federal income tax refunds, beginning with the 2012 federal return.  The Debtor's brief in opposition to the Trustee's objection indicates that the Debtor's 2011 federal income tax refund was $553, and that the Debtor "has no reason to believe he will not continue to receive such refunds during the next three years".  The Debtor's amended plan also provides for payment of his bankruptcy attorney's fees of $3500.  The Chapter 13 Trustee has objected to the amended plan on the basis that it essentially is a "fee only" plan [2] and, as such, fails to meet the "good faith" requirements for confirmation under Sections 1325(a)(3) and

---

[1] This order constitutes findings of fact and conclusions of law to the extent required under Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[2] The Trustee maintains that, after the administrative fees of the Trustee and the Debtor's attorney are paid, the amended plan will have only $36 available for payment to unsecured creditors and will result in less than a 1% distribution to them.

2

(a)(7).

## *Discussion*

"Good faith" is a prerequisite to confirmation of a chapter 13 plan in two respects: first, the *plan* must be proposed in good faith under §1325(a)(3) and second, the chapter 13 *petition* must be filed in good faith under §1325(a)(7). Good faith proposal of the plan under §1325(a)(3) has been a confirmation prerequisite since 1978. *In re Shafer*, 393 B.R. 655, 657 (Bankr. W. D. Wis. 2008). Prior to 2005, a debtor's lack of good faith in filing the chapter 13 petition was a judicially created "cause" for dismissal under §1307. With the enactment of BAPCPA (the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005), it became another prerequisite to confirmation under §1325(a)(7). Both §1325(a)(3)'s good faith proposal of the plan and §1325(a)(7)'s good faith filing of the petition employ a "totality of the circumstances" test in determining whether these prerequisites to confirmation have been met. [3]

---

[3] Five non-exhaustive factors are considered to determine good faith proposal of the plan under §1325(a)(3): (1) does the proposed plan state the debtor's secured and unsecured debts accurately? (2) does it state the debtor's expenses accurately? (3) is the percentage of repayment of unsecured claims correct? (4) if there are or have been deficiencies in the plan, do the inaccuracies amount to an attempt to mislead the bankruptcy court? and (5) do the proposed payments indicate a fundamental fairness in dealing with one's creditors? *In re Rimgale*, 667 F.2d 426, 432-33 (7th Cir. 1982). With respect to the fifth factor, the timing of the bankruptcy filing and the proportion of the total unsecured debt that is owed to the objecting creditor was relevant. *Id*. at n 22. All in all, the focus was "whether or not under case circumstances there has been an abuse of Chapter 13's provisions, purpose or spirit. *Id*. at 433.

As for the good faith in filing the petition, the pre-BAPCPA seminal case of *In re Love*, 957 F.2d 1350 (7th Cir. 1992), which distinguished between the lack of good faith in proposal of the plan under §1325(a)(3) and the lack of good faith in the filing of the petition as a cause for dismissal under §1307, is instructive. *Love's* non-exhaustive list of factors to be considered under the "totality of the circumstances" test with respect to dismissal for cause due to bad faith filing of the case included (1) the nature of the debt, including whether it would be nondischargeable in a chapter 7; (2) the timing of the filing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) how the debtor's actions affected creditors; (6) the debtor's treatment of creditor both pre and post petition ; (7) whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Love*, 957 F.2d at 1357; *In re Shafer*, 393 B.R 655, 658-59 (Bankr. W. D. Wis. 2008). These factors remain relevant in determining whether the debtor filed the chapter 13 case in good faith under §1325(a)(7), but the critical overall factor to be considered is whether the debtor is attempting to pay creditors or trying to thwart them. *In re Jongsma*,

3

Capsulizing the "totality of the circumstances" tests, a plan generally fails to meet the "good faith" test under either §1325(a)(3) or §1325(a)(7) if the debtor engages in some type of conduct to suggest that the plan does not demonstrate an effort to pay creditors to the reasonable limit of the debtor's ability or the debtor has not been forthcoming in listing all his assets or liabilities.  See for example, *In re Powell*, 403 B.R. 583 (Bankr. C. D. Ill. 2009) (debtors proposed to retain luxury automobile whereby unsecured claims would not be paid until the fifth year under the plan); *In re Jongsma*, 402 B.R. 858 (Bankr. N. D. Ind. 2009) (debtor intentionally failed to disclose interest in time share).  Thus, trying to fit a "fee only" chapter 13 plan into this analytic pigeonhole is a challenge, because "fee only" cases typically involve no "bad" conduct by a debtor or a debtor's attempt to intentionally short change his creditors.  The Trustee here acknowledges as much, as her initial brief filed on October 15, 2012 notes that "...[t]he Trustee does not believe the debtor acted in bad faith in filing his plan but, rather, questions the motives of the attorney who appears to be placing his desire to get paid above what would be in the best interests of his client by using a Chapter 13 solely to pay attorney fees".

Indeed, nothing in the record so far indicates that the Debtor here has not been forthcoming with all of his financial information that he is required to disclose, or that he is not offering to pay into the plan all he is able to pay.  Rather, the good faith inquiry here boils down to whether the Debtor should be in a chapter 13 case in the first place.

---

402 B.R. 858 (Bankr. N. D. Ind. 2009).

Typically a debtor chooses chapter 13 over chapter 7 in order to save real estate or to avoid nondischargeability litigation. Neither of those motives is present here. The Debtor owns no real estate. See, *Ingram v. Burchard*, –B.R. –, 2012 WL 4497911 (N.D. Cal.) (court determined that plan that proposed "strip off" of unsecured junior mortgage had not been proposed in good faith where plan provided payment only of administrative and attorney fees); *In re Lepe*, 470 B.R. 851 (BAP 9th Cir. 2012) (Court determined plan was proposed in good faith where debtor held only $549 of debt but filed plan to strip off unsecured junior mortgage). Furthermore, BAPCPA has diminished a chapter 13 debtor's ability to receive a "superdischarge". [4] The Debtor is a "below median income" debtor and, as such, would not be required to complete the remainder of the "means test" (Form 22) beyond the point of disclosing his median income. Thus, his chapter 7 filing would not have been seen as presumptively abusive under §707(b)(2). The Court perceives no obstacle to the Debtor in seeking chapter 7 relief and no advantage to him in seeking chapter 13 relief. Apparently, the only reason for choosing to file a chapter 13 instead of a chapter 7 is due to the Debtor's inability to pay the full attorney fee for a chapter 7 case prior to the filing but there is nothing in the record to suggest that the Debtor could not have proceeded pro se in a chapter 7 or

---

[4] Prior to BAPCPA, a discharge in a chapter 13 case was known as a "superdischarge" because under the pre-BAPCPA provisions in §1328, the only §523 type debts that were not discharged upon completion of the confirmed chapter 13 plan were debts arising under §523(a)(5) (child support), §523(a)(8) (student loans) or §523(a)(9) (debt arising from death or personal injury caused by debtor's operation of a motor vehicle). That meant that debts arising from fraud under §523(a)(2), (4) and (6) which were not dischargeable in a chapter 7 case *were dischargeable* in a chapter 13 case. BAPCPA greatly weakened the chapter 13 "superdischarge" by including as nondischargeable those debts arising from fraud under §523(a)(2) and (4) as well as debts for restitution or damages awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury or death to an individual.

seek cheaper legal services elsewhere. Given the paltry estimated dividend to creditors, the Court finds that lack of a retainer only is not a sufficient reason to seek chapter 13 relief in this case, especially when it is likely that other creditors will not see the first penny until the last months of the plan. See, *In re Paley*, 390 B.R. 53, 59-60 (Bankr. N.D.N.Y. 2008) ("A plan whose duration is tied only to payment of attorney's fees simply is an abuse of the provisions, purpose and spirit of the Bankruptcy Code"). Nor does the Court find that the trustee's objection to the administrative attorney fee constitute the controversy needed to justify the $3500 "no look" fee.

The Court does *not* find that all "fee only" chapter 13 plans are *per se* filed in bad faith, but concludes that the Debtor has not met his "heavy burden" in demonstrating "special circumstances" here to justify the chapter 13 petition or the chapter 13 plan. See, *In re Puffer*, 674 F.3d 78 (1st Cir. 2012) and on remand, *In re Puffer*, 478 B.R. 101 (D. Mass. 2012); see also, *In re Crager*, 691 F.3d 671 (5th Cir. 2012) (debtor demonstrated "special circumstances" where debtor owned real estate, was unemployed and living only on social security benefits, and showed that she might need to file another chapter 13 case due to rising medical costs and likely medical problems in the future). Having no other analytical framework within which to work, the Court must find that both the petition and the plan were not filed and proposed in good faith and therefore the plan does not meet the confirmation criteria set forth in §1325(a)(3) and (a)(7).

Accordingly, the Court SUSTAINS the Trustee's objection and DENIES confirmation of the Debtor's chapter 13 plan as it currently stands. The Court further orders that the Debtor do one of the following within thirty (30) days of the date of this

6

order:

    (1)    File an amended plan which adjusts the administrative attorney fee claim to allow a greater distribution to creditors;

    (2)    Convert this case to a chapter 7 case; or

    (3)    Dismiss this case.

# # #

Distribution:

Matthew W. Conrad, Attorney for the Trustee
Ann M. Delaney, Chapter 13 Trustee